Kevin E. Donohoe, ISB # 3086
kevin@kevindonohoe.com
**DONOHOE LAW OFFICE**
101 E. Bullion St., Ste. 3H
Hailey, Idaho 83333
Phone: (208) 788-3807
Fax: (208) 788-1388

Robert S. Arns, Ca. State Bar No. 65071 [*seeking* p*ro-hac vice admission*]
rsa@arnslaw.com
Jonathan E. Davis, Ca. State Bar No. 191346 [*seeking* p*ro-hac vice admission*]
jed@arnslaw.com
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN OLSEN;<br><br>        Plaintiff,<br><br>vs.<br><br>ECHO RENTAL COMPANY; BROOKS SEAPLANE SERVICE INC.; REBECCA CAWLEY, as personal representative of the estate of JAY MICHAEL CAWLEY, deceased; ANNE MARGARET LUNT, as personal representative of the estate of NEIL LUNT, deceased; and DOES 1 to 100, inclusive<br><br>        Defendants. | Civil No. _____<br><br>**CIVIL COMPLAINT** |

COMES NOW Plaintiff, by and through his undersigned counsel, and for his complaint against Defendants, and each of them, alleges as follows:

# I. JURISDICTION AND VENUE

1. Original subject matter jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332(a) as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, to wit:

    a)    The Plaintiff in this action is a citizen and resident of the State of Oregon; and

    b)    All defendants are citizens and residents of the State of Idaho, or the State of Washington, to wit: Defendants, Echo Rental Company and Brooks Seaplane Service, Inc., are corporations organized and existing under the laws of the State of Idaho and maintain their respective principal places of business in the State of Idaho; Defendant, Rebecca Cawley, individually and as personal representative of the estate of Jay Michael Cawley is a resident of the State of Idaho; and Defendant, Anne Margaret Lunt, individually and as personal representative of the estate of Neil Lunt, deceased, is a resident of the State of Washington.

2. Venue of this action in the United States District Court for the District of Idaho is proper under 28 U.S.C. § 1332(b) as one defendant is a resident of the State of Idaho and a substantial part of the events or omissions giving rise to the claim occurred in the District of Idaho.

# II. FACTS COMMON TO ALL CAUSES OF ACTION

3. On July 5, 2020, and for some time prior thereto, Defendant, Echo Rental Company, was a corporation organized and existing under the laws of the State of Idaho, which owned a certain airplane known as a Cessna Model TU-206G, bearing airframe serial number U20605457 and registered with the U.S. Federal Aviation Administration under marking N6323R (hereinafter "Cessna Airplane").

4. On July 5, 2020, the Cessna Airplane was being operated pursuant to 14 C.F.R. Part 91 as a personal flight and piloted by Defendant's decedent, Jay Michael Cawley, on a flight from Pappy Boyington Field in Coeur d'Alene, Idaho with an intended destination of Lewiston-Nez Perce County Regional Airport in Lewiston, Idaho.

5. On July 5, 2020, there was in full force and effect Chapter 14, Section 91.3 of the Code of Federal Regulations that provided that "[t]he pilot in command of an aircraft is directly

responsible for, and is the final authority as to, the operation of the aircraft," which was applicable to Defendant's decedent, Jay Michael Cawley, as pilot of the Cessna Airplane on the aforesaid date.

6. On July 5, 2020, and all times relevant herein, Defendant's decedent, Jay Michael Cawley, was an employee and/or agent of Defendant, Echo Rental Company, and was acting within the scope of his employment and/or agency of Defendant, Echo Rental Company.

7. On July 5, 2020, and for some time prior thereto, Defendant, Brooks Seaplane Service, Inc., was a corporation organized and existing under the laws of the State of Idaho, which owned a certain seaplane known as a DeHavilland Model DHC-2 Mk. 1, bearing airframe serial number 1131 and registered with the U.S. Federal Aviation Administration under marking N2106K (hereinafter "DeHavilland Seaplane").

8. On July 5, 2020, the DeHavilland Seaplane was being operated pursuant to 14 C.F.R. Part 91 as an air tour flight and piloted by Defendant's decedent, Neil Lunt, on flight over and near Lake Coeur d'Alene which flight originated and was to terminate at the Brooks Seaplane Base in Coeur d'Alene, Idaho, FAA Airport Location ID S76.

9. On July 5, 2020, there was in full force and effect Chapter 14, Section 91.3 of the Code of Federal Regulations that provided that "[t]he pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft," which was applicable to Defendant's decedent, Neil Lunt, as pilot of the DeHavilland Seaplane the aforesaid date.

10. On July 5, 2020, and all times relevant herein, Defendant's decedent, Neil Lunt, was an employee and/or agent of Defendant, Brooks Seaplane Service, Inc., and was acting within the scope of his employment and/or agency of Defendant, Brooks Seaplane Service, Inc.

11. On July 5, 2020, Plaintiff's minor children, the decedents Q.J.O. and S.G.O., were fare paying passengers on board the DeHavilland Seaplane for the aforesaid air tour flight.

12. On July 5, 2020, at approximately 2:32 p.m. Pacific time, the Cessna Airplane and the DeHavilland Seaplane collided in the air over Lake Coeur d'Alene at or near 47.519165 north

latitude, 116.82638 west longitude, causing both aircraft to violently crash into the waters of Lake Coeur d'Alene, killing all occupants of both aircraft including Plaintiff's minor children, decedents Q.J.O and S.G.O.

13. On or about August 10, 2020, Rebecca L. Cawley was appointed the personal representative of the estate of Jay Michael Cawley, deceased, by order of the District Court for the Second Judicial Circuit of the State of Idaho, in and for the County of Nez Perce.

14. On or about August 25, 2020, Anne Margaret Lunt was appointed the personal representative of the estate of Neil Lunt, deceased, by order of the Superior Court of Washington, County of Spokane.

### III. CAUSES OF ACTION

**(First Action – Negligence – Echo & Cawley)**

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 inclusive as if fully set forth herein.

16. On July 5, 2020, and at all times herein relevant, it was the duty of Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, to use ordinary care for the safety of Plaintiff's minor children, decedents, Q.J.O. and S.G.O.

17. On July 5, 2020, and notwithstanding the aforesaid duty, the Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, breached their duty of care to Plaintiff's minor children, decedents, Q.J.O. and S.G.O., through one or more of the following acts or omissions:

   (a)   Negligently and carelessly operated an aircraft so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R. § 91.111(a);

   (b)   Negligently and carelessly failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to and in violation of 14 C.F.R. § 91.113(b);

-4-

Civil Complaint

(c)   Negligently and carelessly operated the Cessna Airplane in a manner that endangered the lives of others, contrary to and in violation of 14 C.F.R. §91.13 (a);

(d)   Negligently and carelessly failed to have a proper and operational traffic collision avoidance system (TCAS) or other traffic warning device installed and operating aboard the Cessna Airplane;

(e)   Negligently and carelessly failed to properly and adequately maintain the Cessna Airplane and its component parts; and/or;

(f)   Otherwise negligently and carelessly operated, maintained, and/or controlled the Cessna Airplane in particular manners to be determined through discovery in this action.

18. On July 5, 2020, as a direct and proximate result of one or more of the foregoing negligent breaches of duty by Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's minor children, Q.J.O. and S.G.O. were passengers, to violently crash into the waters of Lake Coeur d'Alene, thereby causing Plaintiff's minor children, Q.J.O. and S.G.O., to suffer fatal injuries.

19. That at the time of their death, Q.J.O. and S.G.O., left surviving certain heirs, including their father, Plaintiff Brian Olsen for whose benefit this action is being brought.

20. That as a result of the deaths of Plaintiff's decedents, Plaintiff Brian Olsen has sustained substantial damages including, but not limited to his loss of the comfort, society and companionship of his children and the reasonable costs of the decedents' funerals.

WHEREFORE Plaintiff, Brian Olsen, seeks a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

**(Second Action – Willful and Reckless Misconduct – Echo & Cawley)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 inclusive as if fully set forth herein.

22. On July 5, 2020, and at all times herein relevant, it was the duty of Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, to refrain

from willful and reckless conduct so as to not cause injury to Plaintiff's minor children, Q.J.O. and S.G.O.

23. Notwithstanding the aforesaid duty, Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, breached their duty of care to Plaintiff's minor children decedents Q.J.O and S.G.O, in one or more of the following manners:

(a)   Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted, yet operated the Cessna Airplane so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R. § 91.111(a);

(b)   Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted, yet failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to and in violation of 14 C.F.R. § 91.113(b);

(c)   Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted in a manner that endangered the lives of others, contrary to and in violation of 14 C.F.R. § 91.13(a);

(d)   Otherwise willfully and recklessly operated, maintained and/or controlled the Cessna Airplane in particular manners to be determined through discovery in this action.

24. On July 5, 2020, as a direct and proximate result of the foregoing willful and reckless conduct of Defendant, Echo Rental Company, and Defendant's decedent, Jay Michael Cawley, and each of them, the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's minor children, Q.J.O. and S.G.O. were passengers, to violently crash into the waters of Lake Coeur d'Alene, thereby causing Q.J.O. and S.G.O. to suffer fatal injuries.

25. That at the time of their death, Q.J.O and S.G.O., left surviving heirs, including their father Plaintiff Brian Olsen for whose benefit this action is being brought.

Civil Complaint

26. That as a result of the death of Plaintiff's minor children, Q.J.O. and S.G.O., Plaintiff has sustained substantial damages including but not limited to the loss of their comfort, companionship and society, and the reasonable costs of the decedents' funerals.

WHEREFORE Plaintiff, Brian Olsen, seeks a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

### (Third Action – Negligence – Brooks & Lunt)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 inclusive as if fully set forth herein.

28. On July 5, 2020, and at all times herein relevant, it was the duty of Defendant, Brooks Seaplane Service, and Defendant's decedent, Neil Lunt, and each of them, to use ordinary care for the safety of Plaintiff's minor children, Q.J.O. and S.G.O.

29. On July 5, 2020, notwithstanding the aforesaid duty, the Defendant, Brooks Seaplane Service, and Defendant's decedent, Neil Lunt, and each of them, breached their duty of care to Plaintiff's minor children, Q.J.O. and S.G.O., through one or more of the following acts or omissions:

(a) Negligently and carelessly operated an aircraft so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R. § 91.111(a);

(b) Negligently and carelessly failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to and in violation of 14 C.F.R. § 91.113(b);

(c) Negligently and carelessly operated the Cessna Airplane in a manner that endangered the lives of others, contrary to and in violation of 14 C.F.R. §91.13 (a);

(d) Negligently and carelessly failed to have a proper and operational traffic collision avoidance system (TCAS) or other traffic warning device installed and operating aboard the Cessna Airplane;

(e) Negligently and carelessly failed to properly and adequately maintain the Cessna Airplane and its component parts; and/or;

Civil Complaint

(f)　　Otherwise negligently and carelessly operated, maintained, and/or controlled the Cessna Airplane in particular manners to be determined through discovery in this action.

30. On July 5, 2020, and as a direct and proximate result of one or more of the foregoing negligent breaches of duty by Defendant, Brooks Seaplane Service, and Defendant's decedent, Neil Lunt, and each of them, the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's minor children, Q.J.O. and S.G.O. were passengers, to violently crash into the waters of Lake Coeur d'Alene, thereby causing Plaintiff's minor children, Q.J.O. and S.G.O., to suffer fatal injuries.

31. That at the time of their death, Q.J.O. and S.G.O., left surviving certain heirs, including their father Plaintiff Brian Olsen, for whose benefit this action is being brought.

32. That as a result of the death of his children, Plaintiff Brian Olsen has sustained substantial damages including but not limited to the reasonable value of the loss of their comfort, companionship and society, and the reasonable costs of the decedents' funerals.

WHEREFORE Plaintiff, Brian Olsen, seeks damages in a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

**(Fourth Action – Willful and Reckless Misconduct – Brooks & Lunt)**

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 inclusive as if fully set forth herein.

34. On July 5, 2020, and at all times herein relevant, it was the duty of Defendant, Brooks Seaplane Service, Inc., and Defendant's decedent, Jay Michael Cawley, and each of them, to refrain from willful and reckless conduct so as to not cause injury to Plaintiff's minor children, Q.J.O. and S.G.O.

35. Notwithstanding the aforesaid duty, Defendant, Brooks Seaplane Service, Inc., and Defendant's decedent, Neil Lunt, and each of them, breached their duty of care to Plaintiff's minor children, in one or more of the following manners:

(a)　　Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours

Civil Complaint

in other aircraft were being conducted, yet operated the Cessna Airplane so close to another aircraft as to create a collision hazard, contrary to and in violation of 14 C.F.R. § 91.111(a);

(b)     Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted, yet failed to maintain vigilance while operating an aircraft so as to see and avoid other aircraft, contrary to and in violation of 14 C.F.R. § 91.113(b);

(c)     Willfully and recklessly operated the Cessna Airplane during a holiday weekend in a high traffic, tourist area in which they knew air tours in other aircraft were being conducted in a manner that endangered the lives of others, contrary to and in violation of 14 C.F.R. § 91.13(a);

(d)     Otherwise willfully and recklessly operated, maintained and/or controlled the Cessna Airplane in particular manners to be determined through discovery in this action.

36. On July 5, 2020, and as a direct and proximate result of the foregoing willful and reckless conduct of Defendant, Brooks Seaplane Service, Inc., and Defendant's decedent, Neil Lunt, and each of them, the Cessna Airplane and the DeHavilland Seaplane collided in the air, causing the DeHavilland Seaplane in which Plaintiff's minor children, decedents Q.J.O. and S.G.O. were passengers, to violently crash into the waters of Lake Coeur d'Alene, thereby causing fatal injuries to Q.J.O. and S.G.O.

37. That at the time of their deaths, Plaintiff's decedents Q.J.O. and S.G.O., left surviving certain heirs, including their father Plaintiff Brian Olsen for whose benefit this action is being brought.

38. That as a result of the death of his children Q.J.O. and S.G.O., Plaintiff Brian Olsen has sustained substantial damages including but not limited to the loss of companionship, loss of association, mental anguish, loss of happiness and enjoyment of life, comfort, and society of his children and the reasonable costs of the decedents' funerals.

WHEREFORE Plaintiff, Brian Olsen, seeks damages in a reasonable sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees, and costs of the action.

WHEREFORE, Plaintiff BRIAN OLSEN prays for judgment against Defendants, and each of them, as follows:

1. For non-economic damages caused by the negligence of the Defendants, and each of them, according to proof, including, but not limited to, the reasonable value of the loss of the comfort, society and companionship of his minor children, loss of happiness, loss of enjoyment of life and mental anguish and the reasonable costs of the decedents' funerals.

2. For all prejudgment interest as allowed by law.

3. For all attorney's fees as allowed by law.

4. For costs of suit incurred herein.

5. For such other and further relief as the Court deems just and proper.

6. For a court trial on all issues allowed by law.

DATED: October 7, 2021.

DONOHOE LAW OFFICE

By /s/ Kevin E. Donohoe
   Kevin E. Donohoe
   Attorney for Plaintiff

-10-

COMPLAINT FOR DAMAGES